NOT DESIGNATED FOR PUBLICATION

No. 117,694

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAJUAN SAMMIE LOUIS LOWERY,
*Appellant*.


MEMORANDUM OPINION


Appeal from Leavenworth District Court; THOMAS M. DAWSON, judge pro tem. Opinion filed February 23, 2018. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Kathryn Devlin*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., GREEN, J., and HEBERT, S.J.


PER CURIAM:  Following a bench trial, LaJuan Sammie Louis Lowery was found guilty of misdemeanor battery, and the district court sentenced him to six months in the county jail but granted him probation from that sentence for 12 months. Lowery now appeals his conviction, claiming there was insufficient evidence to convict him.  We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, Lowery and Stephania Foulks had been involved in a romantic relationship for approximately one year. On October 20, 2014, Foulks lent Lowery her car so that he could go to a job interview. He was supposed to pick her up when she got off work at 7 p.m. When he did not arrive, she made her way to a friend's house, which was near Lowery's house. Eventually, Foulks left her friend's house and went to Lowery's house to wait for him.

Lowery arrived at his residence at approximately 2 a.m. on October 21, 2014. When Foulks got in her car to go home, Lowery pulled her back out, took the keys from the ignition, and threw them into a neighbor's yard. Until approximately 4 a.m., while Foulks attempted to search for her keys, Lowery continuously pulled her hair and pushed her to the ground. Lowery pulled her by her hair into his residence and also pushed her off of the porch. Foulks suffered various injuries from Lowery during this two-hour time frame, such as bruises, a split lip, and scrapes. She did not call the police while this was happening because Lowery had taken her cellphone from her.

At approximately 4 a.m., Lowery took Foulks in her car to a park so he could meet with a friend. Foulks attempted to get out of the car while Lowery was driving, but he pulled her back inside by her hair and then punched her in the face. Lowery returned Foulks' cellphone to her when he got out of her car near the park. After Lowery got out of her car, Foulks was able to drive herself home.

That afternoon, Foulks returned to Leavenworth County to file a police report. She met with Officer Matthew Stawarz of the Leavenworth Police Department. Stawarz observed bruising on Foulks' left arm and on her face. Stawarz testified that Foulks identified Lowery as having beaten her. Photographs were taken of Foulks' injuries.

Lowery was charged with misdemeanor battery on November 18, 2014. After a bench trial on April 4, 2016, at which Foulks, Stawarz, and Lowery testified, the district court found Lowery guilty of battery. For reasons unclear in the record, Lowery was sentenced several months later to six months in the county jail but was granted probation from that sentence for 12 months.

Lowery timely appeals.

## WAS THE EVIDENCE SUFFICIENT TO CONVICT LOWERY OF BATTERY?

Lowery contends that the evidence presented at his bench trial was insufficient to prove beyond a reasonable doubt that he committed battery. "'When the sufficiency of the evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016).

To be found guilty of misdemeanor battery, the State was required to prove beyond a reasonable doubt that Lowery knowingly or recklessly caused bodily harm to Foulks. See K.S.A. 2014 Supp. 21-5413(a)(1). Lowery does not argue that the State did not meet this burden. Rather, the entirety of Lowery's argument is a challenge to the district court's credibility determination of Foulks at trial. Lowery contends that Foulks gave inconsistent statements to law enforcement and to the district court regarding how she arrived at Lowery's residence on the evening of the battery and suggests she had a motive to fabricate her testimony because she was a "person scorned romantically." However, "'[i]n making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility.' [Citations omitted.]" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

The State contends that the evidence presented at trial was sufficient for a reasonable fact-finder to find Lowery guilty of battery. We agree. At trial, the district court heard testimony from Foulks and Stawarz, which the district judge found to be consistent with each other and determined that any inconsistencies were "rather minor." Further, the district court found that the photographs of Foulks' injuries admitted at trial corroborated the testimonies of both Foulks and Stawarz. When viewing the evidence in the light most favorable to the State, we have no trouble concluding that a reasonable fact-finder, in this case the district court, had sufficient evidence to convict Lowery of battery.

Affirmed.